## DE AJURIA v. BERWIND.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. PLEADING—STRIKING OUT ANSWER—QUALIFIED DENIAL—MATTERS PROVABLE UNDER GENERAL DENIAL.

   While a qualified denial may be proven under a general denial, defendant should not be restricted to a general denial, which will, in form at least, place him in the position of denying matters not open to denial.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 244, 255.]

2. SAME—MATTERS OF EVIDENCE.

   Paragraphs of an answer containing nothing more than allegations as to matters of evidence, and adding nothing to defenses contained in other paragraphs, are properly stricken out.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1159.]

3. SAME—IRRELEVANT MATTER.

   A paragraph of an answer which is clearly irrelevant to the defenses set up is properly stricken out.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1156.]

4. SAME—ANSWER—SEPARATE DEFENSES—FORMER ADJUDICATION.

   A plea of prior adjudication must be pleaded as a separate defense, connected by proper allegations with the subject-matter of the action, and where such defense is set up merely as a paragraph in the answer it is properly stricken out.

Appeal from Special Term.

Action by Gregorio De Ajuria against Hermine T. Berwind. From an order striking out certain paragraphs of the answer, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

George C. Austin, for appellant.
Clarence B. Mitchell, for respondent.

SCOTT, J. The defendant appeals from an order striking out portions of the answer. The action is for labor and services, alleged to have been performed at defendant's request, in painting a miniature portrait, which services are said to have been reasonably worth, and for which the defendant agreed to pay, the sum of $800. The answer is by no means a model of pleading. For a first defense it sets up a qualified denial, by denying each and every allegation, except that defendant admits the delivery of a portrait, painted under a special contract, but denies that it was a good, true, and fair likeness, and alleges that for that reason it was returned to plaintiff. The qualification of the denial was stricken out. While it is undoubtedly true that a qualified denial may be proven under a general denial, we do not consider that the defendant should be restricted to a general denial, which will, in form at least, place her in the position of denying mat-

ters which are not open to denial. We think, therefore, that so much of the order appealed from as strikes out the qualified denial in the first separate defense was erroneous.

Paragraphs 4 and 5 of the second separate defense contain nothing more than allegations of evidence, and add nothing to the separate defense contained in paragraphs 2 and 3. Paragraph 7 is clearly irrelevant, and was also properly stricken out. By paragraph 6 the defendant has apparently undertaken to set up the defense of a prior adjudication. It has no relation to, and no proper place in, the second separate defense; and, if defendant desires to rely upon it, she should set it up as a separate defense, connecting it by proper allegations with the subject-matter of the present action.

The order appealed from will therefore be modified, by striking out the clause numbered 1, and by adding to clause numbered 3 the words "connecting it by proper allegations with the controversy which constitutes the subject-matter of the present action," and, as so modified, will be affirmed, without costs. All concur.

